# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWARD EVANS, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | Case No. 14-3270-CV-S-FJG-P |
| vs. | ) | Crim. No. 06-03059-01-CR-S-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE SENTENCE

Movant, who is incarcerated at the Federal Correctional Institution in Butner, North Carolina, filed this motion to vacate his sentence in the above-cited federal criminal case pursuant to 28 U.S.C. § 2255. Movant argues that his 15-year sentence for being a felon in possession of firearms and ammunition (entered pursuant to his plea of guilty in 2007) should be vacated based on the Supreme Court ruling in *Alleyne v. United States*, 570 U.S, ___, 133 S. Ct. 2151 (June 17, 2013), because his sentence was enhanced based on his three prior qualifying convictions even though the facts which support his enhanced sentence were not charged and were not submitted to a jury to be proven beyond a reasonable doubt.

Respondent has filed a response in which it argues that the holding in *Alleyne* is not retroactive; therefore, the Section 2255 motion is untimely filed pursuant to 28 U.S.C. § 2255(f)(1) in that movant waited more than seven (7) years after his federal sentence became final in 2007 to file this challenge to that sentence. Doc. No. 6, pp. 4-7. Respondent argues that, even if *Alleyne* were retroactive, it did not address the issue of whether prior convictions used to increase a mandatory minimum sentence constitute an "element" that must be alleged in an indictment and submitted to the jury. Moreover, respondent argues that the criminal indictment in movant's case did, in fact, set forth each of his qualifying convictions for purposes of the Armed Criminal Career Act (ACCA) and would have been

submitted to the jury if movant had not entered a plea of guilty and waived his right to a jury trial. Doc No. 6, pp. 5-7. Movant has not filed a timely reply to respondent's response as ordered. Doc. No. 7.

The United States Court of Appeals for the Eighth Circuit has held that "*Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury." *United States v. Abrahamson*, 731 F. 3d 751, 752 (8th Cir. 2013) (citing *Alleyne*, 133 S. Ct. at 2160 n. 1), *cert. denied*, 134 S. Ct. 1565 (2014). None of movant's arguments successfully counter respondent's arguments that *Alleyne* does not apply to movant's career offender enhancements under the ACCA and that *Alleyne* is not retroactive in any event and would not, therefore, provide an exception to authorize movant's untimely Section 2255. *See, e.g., Willis v. United States*, 2014 WL 3384678 (D. Minn. July 10, 2014) (collecting cases); *United States v Winkleman*, 746 F. 3d 134, 136 (3d Cir. 2014) (collecting cases). Moreover, movant voluntarily and knowingly waived his right to challenge the qualifying convictions that specifically were alleged in the indictment when he waived his right to a jury trial.

Accordingly, it is **ORDERED** that:

(1) the motion to vacate filed pursuant to 28 U.S.C. § 2255 is denied;

(2) this case is dismissed with prejudice;

(3) no evidentiary hearing will be held in this matter because the issues raised are resolvable by the record; and

(4) movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

Date:  September 18, 2014                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                         United States District Judge